Scott Maurer (#180830)
Yin Wang (Certified Law Student # 414139)
KATHARINE & GEORGE ALEXANDER COMMUNITY LAW CENTER
1030 The Alameda
San Jose, CA 95126
408-288-7030 (Phone)
408-288-3581 (Fax)

Attorney for Plaintiff, Tung X Nguyen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| TUNG X NGUYEN, <br><br> Plaintiff, <br><br> vs. <br><br> HILCO RECEIVABLES, LLC, <br> SACOR FINANCIAL, INC., and <br> LAW OFFICE OF JOSEPH SCALIA, APC <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR VIOLATIONS OF FEDERAL FDCPA 15 U.S.C. §1692 *et seq.*, and ROSENTHAL ACT CAL. CIVIL CODE §1788 *et seq.*. |

## INTRODUCTION

1. This is an action brought by Plaintiff TUNG XUAN NGUYEN, a retired 67 year old senior citizen residing in San Jose, California. In 2012 Defendants personally served TUNG X. NGUYEN with an order to appear for an examination in Santa

Complaint - 1

Clara County Superior Court and a subpoena to appear in Roseville, California. TUNG X. NGUYEN's counsel faxed TUNG X. NGUYEN'S driver license and a letter explaining to Defendants herein that they served the wrong person. Defendants sent a letter acknowledging their mistake and informing TUNG X. NGUYEN that he did not need to appear. Nevertheless, in May 2014, for the second time regarding the same case, Defendants personally served TUNG X. NGUYEN at the same address with an order to appear for examination in Santa Clara County Superior Court and a subpoena to appear in Roseville, California

2. The following paragraphs are alleged on information and belief: 6, 8-10, &27.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d)(the Federal Fair Debt Collection Practices Act) & 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. This lawsuit should be assigned to the San Jose Division of this Court because all or a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## AGENCY

6. Each Defendant was an agent, joint venturer and employee of the remaining defendants. In the actions hereinafter alleged, each Defendant was acting within the course and scope of said agency, employment and joint venture with the

advance knowledge, acquiescence or subsequent ratification of each and every remaining Defendant.

## PARTIES

7. Plaintiff TUNG XUAN NGUYEN is a natural person who resides in the city of San Jose, California, located in the Santa Clara County and is a "consumer" as defined by the Federal Fair Debt Collection Practice Act 15 U.S.C. §1692a(3).

8. The LAW OFFICE OF JOSEPH W. SCALIA, APC is a California Professional Law Corporation and is a 'debt collector' within the definition set forth in 15 U.S.C. §1692a(6) because it is in the business of regularly collecting or attempting to collect debts owed or asserted to be owed or due to another.

9. SACOR FINANCIAL, INC. is a California corporation is a 'debt collector' within the definition set forth in 15 U.S.C. § 1692a(6) and Cal Civil Code §1788.2(c) because the principal purpose of its business is collecting or attempting to collect debts owed or asserted to be owed or due to another. Joseph Scalia is an attorney for SACOR FINANCIAL, INC. SACOR FINANCIAL, INC. has all servicing and collection rights and responsibilities for the collection claims formerly held by Columbia Credit Services.

10. HILCO RECEIVABLES, LLC is an Illinois corporation is a 'debt collector' within the definition set forth in 15 U.S.C. 1692a(6) and Cal. Civil Code §1788.2(c) because the principal purpose of its business is collecting or attempting to collect debts owed or asserted to be owed or due to another. HILCO RECEIVABLES, LLC. is an Assignee of Columbia Credit Services, Inc.

## FACTS

11. In or around 2005, Columbia Credit Services filed suit against an individual by the name of Tung B. Nguyen. Tung B. Nguyen is not related or associated or in any way affiliated with the Plaintiff herein, TUNG X. NGUYEN, and TUNG X. NGUYEN was never served with a Summons in the 2005 case. The suit resulted in a judgment in Santa Clara Superior Court Case No. 105CV049828. (Hereafter,' the State Court Judgment'). The State Court Judgment was based on a "consumer debt" within the meaning of 15 U.S.C. §1692a(5) and Cal Civil Code §1788.2(d).

12. On about November 7, 2012, the LAW OFFICE OF JOSEPH SCALIA, APC caused TUNG XUAN NGUYEN to be personally served in Summer Creek Drive, San Jose, California with:

    a. An Order for Appearance and Examination ("First OEX") requiring TUNG X. NGUYEN to appear at Santa Clara Superior Court, Department 8 on December 18, 2012 or to be subject to arrest.

    b. A civil subpoena ("First Subpoena") requiring TUNG X. NGUYEN to appear in Roseville, California on December 7, 2012.

13. The First OEX and First Subpoena identified the judgment debtor as Tung B. Nguyen, a resident of Summershore Court in San Jose. Joseph Scalia was listed as Attorney for the Assignee of Record.

14. On November 9, 2012, TUNG X. NGUYEN's counsel faxed the LAW OFFICE OF JOSEPH SCALIA, APC the following:

    a. A copy of TUNG X. NGUYEN'S driver license with TUNG X. NGUYEN'S date of birth listed as November 25, 1947 and his address located at Summer Creek Drive, San Jose, California 95136.

b. Written assurances that TUNG X. NGUYEN had never resided at Summershore Court and that Defendants had served the wrong individual.

15. From November 9, 2012 forward, Defendants knew or should have known that the TUNG X. NGUYEN living on Summer Creek Drive in San Jose was not the judgment debtor and that TUNG X. NGUYEN was a senior citizen.

16. On January 25, 2013, the LAW OFFICE OF JOSEPH SCALIA, APC faxed a letter with Joseph Scalia's signature confirming TUNG X. NGUYEN was **not** the judgment debtor. Joseph Scalia also mailed a hard copy of the same letter. Joseph Scalia identified himself as attorney for SACOR FINANCIAL, INC. in the letter.

17. On about May 7, 2014, Defendants caused TUNG X. NGUYEN to be personally served at Summer Creek Drive in San Jose with the following:

   a. An Order for Appearance and Examination ("Second OEX") requesting TUNG X. NGUYEN to appear in Santa Clara County Superior Court on May 29, 2014 or be subject to arrest.

   b. A Civil Subpoena ("Second Subpoena") requesting TUNG X. NGUYEN to appear in Roseville, California on May 19, 2014.

18. The Second OEX and Second Subpoena were related to the same State Court Judgment.

19. The Second OEX and Second Subpoena listed Joseph Scalia as Attorney for Assignee of Record, HILCO RECEIVABLES, LLC.

20. TUNG X. NGUYEN suffered anxiety and emotional distress as a result of the events set forth above.

**FIRST CAUSE OF ACTION**
(Federal Fair Debt Collection Practices Act)
(15 U.S.C. § 1692 *et seq.*)
(Asserted Against All Defendants)

21. Plaintiff refers and alleges and incorporates by reference each and every allegation set forth herein.

22. By serving Plaintiff the Order of Examination and serving the Order **twice** for a debt not belong to Plaintiff, Defendants violated the following sections:
    a. 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
    b. 15 U.S.C. § 1692 f(1).

23. Defendants are jointly, severally, and vicariously liable for each of the violations set forth above.

**SECOND CAUSE OF ACTION**
(Rosenthal Fair Collection Practice Act)
(Violation of Cal. Civ. Code § 1788 *et seq.*)
(Asserted Against HILCO RECEIVABLES, LLC AND SACOR FINANCIAL, INC.)

24. Plaintiff refers and alleges and incorporates by reference each and every allegation set forth herein.

25. By violating the Federal Fair Debt Collection Practices Act as set forth in the First Cause of Action above, Defendants violated California's Rosenthal Act, Cal. Civil Code §1788.17.

26. Defendants are jointly, severally, vicariously liable for each of the violations set forth above.

27. Defendants committed the foregoing violations willfully and knowingly.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

<u>With respect to the first cause of action (violation of the Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.*)</u>

a. Actual damages of not less $2000 for Plaintiff's emotional distress.

b. For statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. For treble statutory damages of $3000 pursuant Cal. Civil Code §3345.

d. For court costs and reasonable attorney's fees pursuant to 15 USC § 1692k(a)(3);

e. For such other relief as the court deems necessary and proper.

<u>With respect to the second cause of action (violation of Rosenthal Fair Collection Practice Act Cal. Civ. Code § 1788 *et seq.*)</u>

a. Actual damages of not less $2000 for Plaintiff's emotional distress.

b. For statutory damages in the amount of $2000.00 pursuant to Cal. Civ. Code §§1788.17 and 1788.30(b).

c. For treble statutory damages of $6000 pursuant to Cal. Civil. Code §3345.

d. For court costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).

e. For such other relief as the court deems necessary and proper.

Respectfully Submitted,

KATHARINE & GEORGE ALEXANDER COMMUNITY LAW CENTER

Dated 6/19/14

Yin-Hui Wang, Certified Law Student*

Dated 6/19/14

Scott Maurer, Supervising Attorney*

*Pursuant to State Bar Rules Governing the Practical Training of Law Students